# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>AMOS DEERING,<br><br>    Defendant. | No. CR13-2002-LRR<br><br>ORDER |

This matter appears before the court on the defendant's renewed motion to appoint counsel (docket no. 61). The defendant filed such motion on December 30, 2015. The defendant states that he needs an attorney to assist him in collateral proceedings. But, all the defendant needs to do to commence an action under 28 U.S.C. § 2255 is fill out the form that is typically used by those who are seeking relief under 28 U.S.C. § 2255 and send it to the court. Moreover, a cursory review of the record indicates that the court did not sentence the defendant under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Rather, the court sentenced the defendant as a career offender after relying on the sentencing guidelines. Given the record, it is highly doubtful that relief under 28 U.S.C. § 2255 is available to the defendant. *See, e..g., Richardson v. United States*, 2015 U.S. App. LEXIS 21801 (8th Cir. Dec. 16, 2015) (denying authorization to file a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 with respect to movant's challenge to his sentencing guidelines calculations because any extension of the rule in *Johnson v. United States*, ___ U.S. ___, ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), is not a new substantive rule under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)). Accordingly, the defendant's renewed motion to appoint counsel (docket no. 61) is denied. The clerk's office is directed to send the

defendant the form that is typically used by those who are seeking relief under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

**DATED** this 30th day of December, 2015.

_____
JON STUART SCOLES
Chief Magistrate Judge
UNITED STATES DISTRICT COURT